THE CITY OF DETROIT v, ELIZABETH KREAMANN ET AL. IN THE MATTER OF THE OPENING OF TWENTY-FIFTH STREET.

*Street-opening case—Damages.*

In this case it is held that there is nothing in the record to show bad faith or improper conduct on the part of the jury, nor does the record warrant the claim of respondents that the jury disregarded the rule which entitled the respondents to actual compensation.

Appeal from recorder's court of Detroit. (Chambers, J.) Argued January 31, 1890. Decided February 20, 1890.

Street-opening case. Respondents appeal. Affirmed. The facts are stated in the opinion.

*William Look* and *H. F. Chipman,* for appellants.

*John W. McGrath,* for petitioner.

GRANT, J. It is conceded that the proceedings taken by the city of Detroit to open and widen the street were regular, and that the instructions given by the court to the jury were correct. The only contention is that the

jury did not award the respondents the amount of damages shown by the evidence.

The lots of the respondents Jorn, Charles Weck, and Rosa Weck are each 33 feet wide; that of respondent Kreamann is 99 feet wide. They front on Twenty-fourth street. The street is 60 feet wide, and is open on both sides of respondents' lots, which are contiguous. The street in front of those lots is scarcely wide enough for teams to pass. Respondent Jorn is the only one who has a frontage upon Twenty-fifth street. The two lot-owners on the south of respondent Kreamann were made parties to this proceeding, and were willing to give to the city the land required from their lots, considering that such action would increase the value of their property. Without the widening of the street south of Kreamann, she had no frontage of any extent down the street. Several witnesses testified to the value of the lots in question, and of lots generally in that neighborhood, per front foot. Some testified to the value of the strip to be taken. The jury went and viewed the premises.

This is not a case where the evidence upon one side is uncontradicted, and conclusive as a matter of law. There is nothing in the case to show bad faith or improper conduct on the part of the jury. It is only claimed that they disregarded the rule which entitled respondents to actual compensation. The record does not warrant us in coming to this conclusion.

Judgment affirmed, with costs.

CHAMPLIN, C. J., MORSE and CAMPBELL, JJ., concurred. LONG, J., did not sit.